*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1290**

Vickie L. Carlson,
Relator,

vs.

Young America, LLC,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 21, 2015
Reversed
Cleary, Chief Judge**

Department of Employment and Economic Development
File No. 33699489-3

Vickie L. Carlson, Hamburg, Minnesota (pro se relator)

Young America, LLC, Minneapolis, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Cleary, Chief Judge; Ross, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

In this certiorari appeal, relator Vickie L. Carlson challenges the determination of an unemployment law judge (ULJ) that she is ineligible for unemployment benefits because she quit without a good reason caused by the employer. We reverse.

## FACTS

Relator was employed as a client associate by respondent Young America, LLC from January 2, 1997, through May 29, 2015. Relator commuted less than five miles one way to her job. In February 2015, Young America announced that it was moving its operations from Norwood Young America to Minneapolis. The new location is 55 miles from relator's home. Relator testified that she could not commute to the new location because she suffers from vertigo when driving or riding long distances and is intimidated by heavy traffic. Relator quit her employment.

Relator applied for unemployment benefits. The Minnesota Department of Employment and Economic Development (DEED) issued an initial determination of ineligibility. Relator appealed and a hearing was scheduled before an ULJ. The ULJ determined that relator quit her employment and had not established the application of an exception to ineligibility for unemployment benefits based on her quit. The ULJ reasoned that relator did not have a good reason caused by her employer to quit because Young America's relocation "was not so far that an average, reasonable worker would quit and become unemployed rather than work at the new location." She "could have driven to Minneapolis" and "the medical necessity in this matter is of [relator's] own making because

2

of her decision not to drive" to Minneapolis. The ULJ affirmed the ineligibility determination on reconsideration.

Relator filed this certiorari appeal to challenge the ULJ's decision. In lieu of a respondent's brief, the DEED filed a letter requesting that this court reverse the ULJ's decision. Young America did not participate in the proceedings before the ULJ and has not appeared in this appeal. This court ordered expedited consideration of the appeal by a special term panel on November 24, 2015.

## DECISION

In reviewing the decision of an ULJ, this court may reverse if the substantial rights of the relator may have been prejudiced because the findings, inferences, conclusions, or decision are affected by error of law, unsupported by the substantial evidence in the record, or arbitrary and capricious. Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015).

An applicant who quit her employment is ineligible for unemployment benefits unless a statutory exception applies. Minn. Stat. § 268.095, subd. 1 (2014). One exception applies when the employee quit "because of a good reason caused by the employer," *id.*, subd. 1(1) (2014), which is defined as a reason

> (1) that is directly related to the employment and for which the employer is responsible;
>
> (2) that is adverse to the worker; and
>
> (3) that would compel an average, reasonable worker to quit and become unemployed rather than remaining in the employment.

3

*Id.*, subd. 3(a) (2014). This three-part analysis sets forth an objective standard to be "applied to the specific facts of each case." *Id.*, subd. 3(b) (2014). This court reviews de novo whether an employee has satisfied the standard. *Haugen v. Superior Dev., Inc.*, 819 N.W.2d 715, 723 (Minn. App. 2012).

Relator quit her job for Young America when the company moved its operations from Norwood Young America to downtown Minneapolis. DEED asserts that the ULJ erred by determining that Young America's relocation was not a good reason caused by the employer for her to quit. We agree. Reporting for work at Young America's new location not only would have added about 100 miles to relator's daily roundtrip commute, but would have required her to commute into the Twin Cities from her rural home. This change would have resulted in additional uncompensated commuting time, as well as a significant increase in commuting expenses. We conclude that these circumstances were directly related to the employment, adverse to relator, and would have compelled an average, reasonable worker in relator's position to quit employment.

**Reversed.**